### In re MANOR OAK SKILLED NURSING FACILITIES, INC., Debtor.

Bankruptcy No. 95–11373 K.

United States Bankruptcy Court,
W.D. New York.

Aug. 22, 1996.

David D. MacKnight, Lacy, Katzen, Ryen & Mittleman, L.L.P., Rochester, NY, for Debtor.

Robert R. Radel, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, NY, for AFL–CIO Hospital and Nursing Home Council.

MICHAEL J. KAPLAN, Chief Judge.

In this Chapter 11 case, the Debtor owes more than $80,000 to a union-related fund pursuant to three Collective Bargaining Agreements, these sums having accrued prior to the filing of the Petition. The Debtor has neither assumed nor rejected the Collective Bargaining Agreements under 11 U.S.C. § 1113. It has instead filed a proposed Plan of Reorganization contemplating an eventual sale of the nursing homes it operates. The Plan proposes to treat the pre-petition arrears as if the Collective Bargaining Agreements have been rejected; that is to say, the Debtor will "impair" the non-priority portion of the claims, which are the vast bulk of the claims. However, the Plan expressly contemplates that the Collective Bargaining Agreements will remain in effect until the facilities are sold and then they will be rejected unless the buyer or buyers reach another accord with the Union.

The Union has made a motion seeking an order compelling the Debtor to either assume or reject the Collective Bargaining Agreements. The Debtor has stated that it has no obligation to make that decision at this point under 11 U.S.C. § 1113 or Bankruptcy Rule 6004.

The Debtor candidly admits that it does not want to assume the Collective Bargaining Agreements only because that would require the "cure" of the pre-petition arrearages, and having to do so would diminish its net recovery from the sale of the nursing homes. It argues that the Second Circuit decision in the case of *New York Typographical Union No. 6 v. Maxwell Newspapers, Inc. (In re Maxwell Newspapers, Inc.)*, 981 F.2d 85 (2nd Cir.1992) supports its position. This Court rejects that argument. The *Maxwell Newspapers* case is inapposite. It deals with the appropriateness of the Court's approval of rejection of a collective bargaining agreement where the sole purpose of the rejection is to enhance the market value of the debt-

or's assets. The Debtor in the case at bar has not asked the Court to approve rejection of the Collective Bargaining Agreements. Rather, the Debtor wants the benefits of the *Maxwell* holding without incurring the burden of making the substantive and procedural showings necessary to obtain court approval for rejection of a collective bargaining agreement, and without suffering the burdens of such rejection (potential labor unrest).

 Rather, the Court is persuaded by the case of *In re Golden Distributors, Ltd.*, 134 B.R. 760 (Bankr.S.D.N.Y.1991), to the effect that all defaults under a collective bargaining agreement that has not been formally rejected are entitled to administrative expense status just as if the collective bargaining agreement had been "assumed." To treat them otherwise is precisely the kind of unilateral modification that is prohibited under 11 U.S.C. § 1113(f).

 The Debtor argues that the authority of the Court to authorize interim changes in the Collective Bargaining Agreement under § 1113(e) removes this modification from the ambit of § 1113(f)'s prohibition. But the Debtor's reasoning is circular. When pressed by the Court for an explanation of why this modification is "essential to the continuation of the Debtor's business, or that [essential] in order to avoid irreparable damages to the estate," the Debtor answered that the prospective buyers do not want to pay the pre-petition arrears and that under such circumstances the Court may permit the modification in accordance with the *Maxwell Newspapers* case. But as has been previously pointed out, *Maxwell Newspapers* did not address § 1113(e) at all; rather it addressed standards for the rejection of a collective bargaining agreement. In the present Court's view, § 1113(e) permits only such "interim" modifications as are not in derogation of the purposes of § 1113 and of the procedures provided by § 1113 which must be utilized when the debtor is not going to

cure arrearages under a collective bargaining agreement and therefore proposes to reject the agreements.

 For the Court to bind a union to a plan which does not propose prompt cure of the arrears, and that leaves that union only to such a resolution as it might later be able to bargain for with the new owners of the nursing homes, is not the kind of "interim" modification contemplated by § 1113(e). Nor is the fact that the value of the Debtor's assets will be diminished if it is forced to either assume or reject, sufficient, of itself, to establish that the proposal is "essential" to the continuation of the Debtor's business or "essential" in order to avoid irreparable damage to the estate.

 Although the Court does not agree with the Union's argument that the Collective Bargaining Agreements must be "deemed assumed," the Court does find, in light of *Golden Distributors*, that all aspects of a collective bargaining agreement remain in effect and binding until rejection occurs, including the duty to cure pre-petition arrears or suffer the consequences.

 The Debtor here wants both the benefits of rejection (the ability to impair the pre-petition arrears) and the benefits—of assumption (labor peace) at the same time. It may not have its cake and eat it too.

Within 30 days the Debtor shall either move to assume or to reject the Collective Bargaining Agreements or amend its plan and disclosure statement to provide for either assumption or rejection.[1]

SO ORDERED.

---

1. The Debtor fears that the Court will here be "left betwixt and between a debtor who cannot recommend assumption and a union that cannot demonstrate grounds for rejection." The Debtor needn't fear for the Court. If the Debtor cannot afford to assume the Agreements, but cannot make the requisite showing for rejection, then it may be unreorganizable. That is not an uncommon condition.